CLOSED

**NOT FOR PUBLICATION**

**UNITED STATES DISTRICT COURT**
**DISTRICT OF NEW JERSEY**

| | | |
|---|---|---|
| MARILYN BLOCH, | : | |
| Plaintiff, | : | Civil No. 11-2055 (SRC) |
| v. | : | **OPINION & ORDER** |
| DR. XANAU LIU, | : | |
| Defendant. | : | |

CHESLER, District Judge

This matter comes before the Court on the April 11, 2011 application of *pro se* Plaintiff Marilyn Bloch ("Plaintiff" or "Bloch") to file a Complaint without prepayment of fees pursuant to 28 U.S.C. § 1915. The Court has reviewed Bloch's application to proceed *in forma pauperis* and, pursuant to 28 U.S.C. § 1915(a), grants the application. According to Bloch's sworn declaration in support of her application, she is unemployed and receives an income of only $674 a month in disability benefits. The Court is satisfied that this filing meets the indigence requirements of 15 U.S.C. § 1915(a)(1).

Proceeding *in forma pauperis* is governed by 28 U.S.C. § 1915. In order to prevent abusive or captious litigation, § 1915(e)(2)(B) requires that the Court dismiss a case if it determines that the action cannot or should not proceed on the merits. See Collins v. Cundy, 603 F.2d 825, 828 (10th Cir. 1979) ("[T]here is no constitutional right to the expenditure of public funds and the valuable time of the federal courts to prosecute an action which is totally without

merit"). The statute provides as follows:

> Notwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall dismiss the case at any time if the court determines that --
>     (A) the allegation of poverty is untrue; or
>     (B) the action or appeal --
>         (i) is frivolous or malicious;
>         (ii) fails to state a claim on which relief may be granted; or
>         (iii) seeks monetary relief against a defendant who is immune from such relief.

28 U.S.C. § 1915(e)(2). The Court has accordingly reviewed the Complaint to determine whether dismissal on any of the enumerated grounds is warranted. For the reasons that follow, it dismisses the Complaint in its entirety pursuant to 28 U.S.C. §1915(e)(2)(B)(ii).

**I.      BACKGROUND**

Bloch, who is a resident of Hollywood, Florida, is suing Dr. Xanau Liu, an orthopedist practicing in Edison, New Jersey, for breach of contract. Bloch alleges that she engaged the services of Dr. Liu and that he agreed to treat back and neck injuries she appears to have sustained in a slip and fall accident outside her apartment on September 30, 2010. She claims that as a result of Dr. Liu's refusal to treat her as agreed, she is in great physical pain and has also suffered emotional distress. She seeks judgment in the amount of two million dollars. The Complaint invokes the Court's subject matter jurisdiction based on diversity of citizenship, pursuant to 28 U.S.C. § 1332(a).

**II.     DISCUSSION**

The Supreme Court has held that a complaint filed by a *pro se* plaintiff must be construed liberally and to a less stringent standard than those pleadings filed by lawyers. *See Erickson v. Pardus*, 551 U.S. 89, 93-94 (2007) (following *Estelle v. Gamble*, 429 U.S. 97, 106 (1976) and *Haines v. Kerner*, 404 U.S. 519, 520-21 (1972)); *see also United States v. Day*, 969 F.2d 39, 42 (3d Cir.1992).  A *pro se* litigant's complaint is, nevertheless, subject to the same pleading requirements set by Federal Rule of Civil Procedure 8(a) as other complaints filed in federal court.  *Erickson*, 551 U.S. at 93-94.

Federal Rule of Civil Procedure 8(a) requires that to state a claim for relief, a pleading must contain "a short and plain statement of the claim showing that the pleader is entitled to relief."  Fed.R.Civ.P. 8(a)(2).  When evaluating the sufficiency of claims subject to the pleading requirements of Rule 8(a), the Court must apply the plausibility standard articulated by the Supreme Court in *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544 (2007) and *Ashcroft v. Iqbal*, 129 S.Ct. 1937 (2009).  In *Twombly* and *Iqbal*, the Supreme Court stressed that a complaint will survive a motion under Rule 12(b)(6) only if it states "sufficient factual allegations, accepted as true, to 'state a claim for relief that is plausible on its face.'" *Iqbal*, 129 S.Ct. at 1949 (quoting *Twombly*, 550 U.S. at 570).  "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged."  *Id.* (citing *Twombly*, 550 U.S. at 556.)  The cases are also clear about what will not suffice: "threadbare recitals of the elements of a cause of action," an "unadorned, the-defendant-unlawfully-harmed-me accusation" and conclusory statements "devoid of factual enhancement."  *Id.* at 1949-50; *Twombly*, 550 U.S. at 555-57.  While the complaint need not demonstrate that a defendant is *probably* liable for the wrongdoing, allegations that give rise to

3

the mere *possibility* of unlawful conduct will not do.  *Iqbal*, 129 S.Ct. at 1949; *Twombly*, 550 U.S. at 557.

Plaintiff's breach of contract claim is simply not plausible based on the facts alleged.  The cause of action under which Plaintiff seeks relief arises under state common law.  It is well-established that a federal court sitting in diversity must apply the substantive law of the state.  *Erie R. Co. v. Tompkins*, 304 U.S. 64, 78 (1938); *McKenna v. Pac. Rail Serv.*, 32 F.3d 820, 825 (3d Cir.1994).  To assert a prima facie breach of contract claim under New Jersey law, a plaintiff must demonstrate "that the parties entered into a valid contract, that the defendant failed to perform his obligations under the contract and that the plaintiff sustained damages as a result." *Murphy v. Implicito*, 392 N.J.Super. 245, 265 (App. Div. 2007).  The New Jersey Supreme Court has held that  "[a] contract arises from offer and acceptance, and must be sufficiently definite 'that the performance to be rendered by each party can be ascertained with reasonable certainty.'" *Weichert Co. Realtors v. Ryan*, 128 N.J. 427, 435 (1992) (quoting *West Caldwell v. Caldwell*, 26 N.J. 9, 24-25 (1958)).  The formation of a contract enforceable at law occurs when the parties agree on essential terms and manifest an intent to be bound by those terms. *Id.* On the other hand, "[w]here the parties do not agree to one or more essential terms, . . . courts generally hold that the agreement is unenforceable." *Id.*

The Complaint alleges that the formation of the contract occurred when "Dr. Liu spoke to the plaintiff on the phone in January, 2011 and said if she could come to New Jersey he could perform the surgery."  (Compl., ¶ 4.)  Assuming this fact to be true, the exchange between the parties lacks agreement as to the essential terms of performance by either party, including what service would be rendered by Defendant and what consideration would be given by Plaintiff in

4

return.  The performance to be rendered by each party, such as, for example, the fee that Plaintiff would pay for the service, cannot be ascertained with reasonable certainty.  Moreover, there is no indication that either Dr. Liu or Bloch, moreover, expressed in the January 2011 phone exchange an intent to be bound by the discussion.  The various emails between Plaintiff and a member of Dr. Liu's staff, described as his patient advocate, are completely unavailing.  Even assuming the patient advocate had authority to bind Dr. Liu with respect to his professional services, the emails do not set forth any essential terms of a purported agreement by Dr. Liu to perform surgery on Bloch, and indeed, mostly concern the transfer of Bloch's medical records and films to Dr. Liu's office. In short, the conversation and emails upon which the purported agreement between Plaintiff and Dr. Liu was based are simply too indefinite, general and amorphous to constitute a legally enforceable contract.

As set forth above, section 1915(e) requires this Court, *sua sponte*, to screen a complaint to determine whether it states a claim upon which relief may be granted.  For the foregoing reasons, the Court finds that the Complaint fails to state a breach of contract claim meeting the Rule 8(a) standard of pleading.  The Complaint must therefore be dismissed pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii).

The Court additionally concludes that a dismissal with prejudice is warranted.  The breach of contract claim is so utterly deficient as to all of the claim's elements, including the existence of a valid and enforceable contract, that there is no indication that these substantial defects, as discussed in this Opinion, could be remedied by pleading additional factual allegations.  In other words, in the Court's view, there is nothing that suggests that Plaintiff could revise her pleading to make it legally sufficient.

### III. ORDER

For the foregoing reasons,

**IT IS** on this 21st day of April, 2011,

**ORDERED** that Plaintiff's application to proceed *in forma pauperis* is **GRANTED**; and it is further

**ORDERED** that the Clerk of the Court shall file the Complaint in the above-captioned action; and it is further

**ORDERED** that, pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii), the Complaint be and hereby is **DISMISSED WITH PREJUDICE** for failure to state a claim upon which relief may be granted; and it is further

**ORDERED** that the Clerk shall serve this Opinion and Order upon Plaintiff by regular U.S. mail; and it is further

**ORDERED** that this case is **CLOSED**.

                                                s/ Stanley R. Chesler
                                                STANLEY R. CHESLER, U.S.D.J.